UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

SHANTA M. DAVIS,

    Plaintiff,

    v.                         Case No. 1:25-CV-452-CCB-ALT

COMISSIONER OF SOCIAL SECURITY,

    Defendant.

## OPINION AND ORDER

Before the Court is Plaintiff Shanta Davis's appeal of the Social Security

Administration's decision on May 15, 2024. (ECF 1). In that decision, an Administrative

Law Judge ("ALJ") of the Social Security Administration denied Ms. Davis's claim for

disability insurance benefits ("DIB") and supplemental security income ("SSI") based

on disability. Now Ms. Davis seeks remand of that decision. Ms. Davis's request is

granted. The ALJ's opinion is reversed and remanded for the reasons below.

## ANALYSIS

### A. Standard of Review

A claimant who is found to be "not disabled" may challenge the Commissioner's

final decision in federal court. This Court must affirm the ALJ's decision if it is

supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v.

Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere

scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means

"evidence a reasonable person would accept as adequate to support the decision."

*Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted). In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. But that review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)). Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted).

While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the Court that he "considered the important evidence" and allow the Court "to trace the path of the ALJ's

reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

### B. Procedural Background

This case has a long history. Ms. Davis first applied for DIB on January 24, 2015, and then applied for SSI on October 19, 2018. (R. 149). These claims were denied initially on February 11, 2019, and upon reconsideration on May 17, 2019. (*Id.*) Ms. Davis then sought a hearing before a social security ALJ. A telephone hearing was held on June 24, 2021, (*id.*), and the ALJ issued an unfavorable decision on July 28, 2021, (R. 146).

Ms. Davis appealed this unfavorable decision to the Appeals Council, which remanded the case to the ALJ on January 28, 2022. (R. 167). The ALJ held a second phone hearing on August 3, 2022. (R. 49). Once again, the ALJ issued an unfavorable decision. (R. 7). Ms. Davis appealed this decision to the Appeals Council, which denied her request, and then to this Court, which granted a joint motion to reverse and remand on July 17, 2023. (R. 1155). The Appeals Council then remanded this case to an ALJ on November 7, 2023. (R. 1158).

Ms. Davis appeared for a third phone hearing before an ALJ on April 16, 2024. (R. 1168). After this hearing, the ALJ issued a third unfavorable decision in her case. (R. 1165). She again appealed to the Appeals Council, and the Appeals Council denied her request on June 25, 2025. (R. 1082). She now appeals to this Court for the second time. (ECF 1).

### C. The ALJ's Decision

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). If a claimant's application is denied initially and upon reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1).

When deciding whether to grant or deny benefits, an ALJ conducts a five-step inquiry: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether she has the residual functional capacity to perform her past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a)*; Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). An answer in the affirmative in steps one through four stops the inquiry

and the claimant is found to be not disabled. If steps one through four are answered in the negative, the ALJ proceeds to step five.

Here, at step one, the ALJ found that Ms. Davis had not engaged in substantial gainful activity since June 30, 2007, the alleged onset date of disability. (R. 1171). At step two, the ALJ found that Ms. Davis had the following severe impairments: bilateral carpal tunnel syndrome; degenerative disc disease of the lumbar, thoracic, and cervical spines, including lumbar radiculitis, mild thoracic spondylosis/scoliosis and cervical radiculopathy; varicose vein/mild venous insufficiency/lymphedema; chronic pain syndrome; obesity; and left ankle tendinitis/tendinosis/tenosynovitis, status-post left Achilles rupture. (*Id.*) The ALJ also identified several physical and mental non-severe impairments: hernia repair, a foot cyst, foot callouses, eczema, shoulder inflammation, sleep apnea, anxiety disorder, major depressive disorder, and post-traumatic stress disorder. (R. 1171–73). Lastly, the ALJ identified Ms. Davis's non-medically determinable impairment of severe arthritis. (R. 1175).

At step three, the ALJ determined that Ms. Davis does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ determined that Ms. Davis has the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; and she can occasionally balance, stoop, kneel, crouch, or crawl.

 (R. 1177). The ALJ found that Ms. Davis has no past relevant work. (R. 1189).

At step five, the ALJ found that, considering Ms. Davis's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she could perform. (R. 1189). Based on these findings, the ALJ determined that Ms. Davis was not disabled as defined in the Social Security Act. (*Id.*)

### D. Issues on Appeal

Ms. Davis requests remand to the Agency on one ground: reversible error committed by the ALJ at step 3 by failing to adequately account for Ms. Davis's need to elevate her legs. She begins by pointing the Court to the most recent remand order issued by the Appeals Council. In that order, the Appeals Council noted that

> [t]he ALJ reference[d] treatment records from October of 2019[] and February and August of 2020, where the claimant received treatment for swelling and was prescribed compression stockings. Those records indicate leg elevation relieved leg swelling and spider veins. During an appointment in May of 2021, the claimant's provider observed edema in her legs and advised her to use compression stockings and elevate her legs. Furthermore, the ALJ addressed an August of 2021 consultation, where the claimant reported she sometimes elevated her legs. However[,] despite the ALJ citing to this evidence, the RFC does not include leg elevation as a limitation and the ALJ did not provide any explanation for why such a limitation was unsupported.

(R. 1161 (internal citations omitted)). Upon remand, the ALJ concluded that "the record is not entirely consistent with the allegation" that Ms. Davis's need to elevate her legs was a "disabling functional imitation that should be included in her residual functional capacity." (R. 1186). Though the ALJ acknowledged clinical findings of edema, he noted that Ms. Davis's edema "became less severe over time," with "no indication of edema

nor . . . mention of leg elevation" at Ms. Davis's most recent appointments. (*Id.*) This improvement, combined with Ms. Davis's "own testimony . . . that she elevates her legs three times per day at times corresponding with either before or after the workday or during a regular rest period," led the ALJ to conclude that Ms. Davis's current limitations related to leg elevation did not justify a greater RFC limitation. (*Id.*)

Ms. Davis concedes that there is no reversible error in the ALJ's determination that her condition has improved. And she accepts the ALJ's reasoning that her need to elevate her legs three times per day could overlap with regular breaks and thus is not work-preclusive. But she maintains that the ALJ failed to engage with evidence that leg elevation was necessary between 2019 and 2022 as identified by the Appeals Council's remand order. Ms. Davis suggests that this evidence supports a closed period of disability during this period. She argues that the ALJ addressed evidence showing Ms. Davis was no longer limited due to this condition after 2022 but failed to address evidence that she was limited between 2019 and 2022.[1]

The Commissioner responds by emphasizing the improvement of Ms. Davis's symptoms and noting that the record contains no opinions supporting a required leg elevation restriction. According to the Commissioner, the record evidence supporting a leg elevation restriction consists only of a general discharge instruction document from

---

[1] The Commissioner argues that the relevant period in this case is June 30, 2007, through September 30, 2012. (ECF 28 at 5). As Ms. Davis notes, this period bounds her DIB claim only. Her SSI claim concerns the period between October 2012 and the date of the ALJ's decision. Ms. Davis concedes that the theory she advances here does not apply to her DIB claim. (ECF 22 at 13 n.1).

2019 instructing Ms. Davis to elevate her legs at night, (R. 677–78, 681), and a 2021 doctor's recommendation, included in treatment notes, that Ms. Davis elevate her legs, (R. 1059). The Commissioner acknowledges that the ALJ did not address this evidence, but he contends that this is immaterial because these two pieces of evidence do not affect the resolution of this dispute. He characterizes the general discharge instruction as "general guidance" that "does not constitute a medical opinion," and the doctor's recommendation as merely a "single brief note indicating that leg elevation was recommended." (ECF 28 at 7). And he notes that "[a]n ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024).

As Ms. Davis points out, neither the general nature of the discharge instruction nor the brevity of the treatment note suggests that the elevation recommendations were not intended to be followed. Thus, the Commissioner's implicit argument that these were not serious instructions falls flat. But the Commissioner is right that ALJs need not address every piece of evidence. It is enough that the ALJ "build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon*, 270 F.3d at 1176. Here, though, the bridge of the ALJ's logic is impassable. The ALJ relied on evidence of Ms. Davis's improvement to conclude that no limitation was necessary after 2022, but failed to address evidence suggesting such a limitation was required between 2019 and 2022. The Seventh Circuit has made clear that ALJs may not "cherry-pick evidence from the

8

record . . . without engaging with the evidence that weighs against their findings."

*Plessinger v. Berryhill*, 900 F.3d 909, 915 (7th Cir. 2018). Thus, this matter must be

remanded so that evidence supporting Ms. Davis's leg elevation limitation between

2019 and 2022 may be considered and addressed.

## CONCLUSION

For the reasons above, the Commissioner's Decision is **REVERSED** and

**REMANDED** for further consideration as set forth in this order.

SO ORDERED on August 3, 2026.

> /s/*Cristal C. Brisco*
> CRISTAL C. BRISCO, JUDGE
> UNITED STATES DISTRICT COURT